UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| GREGORY KONRATH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-804-TLS |
| LOGANSPORT MEMORIAL HOSPITAL, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Gregory Konrath, a pro se prisoner, filed a complaint alleging that Logansport Memorial Hospital denied him hospital and surgical privileges when he applied in 2013. He acknowledges that Indiana has a two year statute of limitations, but argues that ever since he was diagnosed with Type II Bipolar Disorder in 2001, he has been under a legal disability which tolls the statute of limitations. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"A person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed. Ind. Code § 34-11-6-1." *Whitlock v. Steel Dynamics*, Inc., 35 N.E.3d 265, 270 (Ind. Ct. App.), transfer denied, 37 N.E.3d 960 (Ind. 2015) (quotation marks and emphasis removed).

> "Under legal disabilities" includes "persons less than eighteen (18) years of age, mentally incompetent, or out of the United States." Ind. Code § 1-1-4-5(24) (emphasis added [in original]). "Mentally incompetent," in turn, means "of unsound mind." I.C. § 1-1-4-5(12). "Of unsound mind" is not currently defined in the Indiana Code. *See Fager v. Hundt*, 610 N.E.2d 246, 250 n.2 (Ind. 1993). The Indiana Supreme Court noted that although the phrase "of unsound mind" was previously defined, that statute was repealed in 1990 by P.L. 1-1990, Sec. 334. *Id.* (citing the previous statute, Indiana Code section 34-1-67-1). Specifically, "of unsound mind" was previously defined to include "idiots, noncompotes (non compos mentis), lunatics and distracted persons." *Id.* (emphasis added [in original]). The phrase "distracted person" was construed to mean "a person who by reason of his or her mental state is incapable of managing or procuring the management of his or her ordinary affairs." *Id.* (*quoting Duwe v. Rodgers*, 438 N.E.2d 759, 761 (Ind. Ct. App. 1982)); *see also Collins*, 323 N.E.2d at 269 (noting that to be considered of unsound mind, the relevant proof "is whether the person claiming the benefit of the extension statute is incapable of either understanding the rights that he would otherwise be bound to know, or of managing his affairs, with respect to the institution and maintenance of a claim for relief").

*Id*.

Konrath describes himself as a very successful orthopedic surgeon who was employed by Dukes Memorial Hospital at the time that Logansport Memorial Hospital denied him privileges. It is unclear what limitations his Type II Bipolar Disorder placed on him, but it is clear that he was not under a legal disability and was able to manage his own affairs. Therefore the statute of limitations was not tolled and this claim is untimely.

The Plaintiff's claim is frivolous. Some unsophisticated pro se filers might not understand whether they were legally disabled. They might file a case like this out of ignorance. Konrath was an orthopedic surgeon. He is a highly educated individual. This is one of 51 cases he has filed in this court. Though not formally trained in the law, he includes cites to cases and statutes. He makes reasoned legal arguments beyond parroting what he has read. He has demonstrated that he understands the legal concepts he is presenting. Therefore this case will be dismissed because it is frivolous.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 F. App'x 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *See also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it is frivolous.

SO ORDERED on December 12, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION